IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

**UNITED STATES OF AMERICA** )
                             )   CRIMINAL ACTION NO.
     **v.**                  )      2:10cr186-MHT
                             )           (WO)
**JARRELL W. WALKER, JR.**   )

## OPINION AND ORDER

Currently before the court is defendant Jarrell W. Walker, Jr.'s objection to an order issued by the magistrate judge denying Walker's motion for the court's in camera review of the conditions of 'pretrial supervision and presentence interview' of defendant Ronald E. Gilley, who has pled guilty and is now in the process of testifying against Walker. Based on an independent and de novo review of the record, including a transcript of the hearing before the magistrate judge, the court overrules Walker's objection and affirms the magistrate judge's order.

Walker filed a motion asking the court to conduct an in camera review of "certain documents pertaining to Gilley's pretrial supervision and presentence interview." Mot. at 1 (Doc. No. 1361). Walker contends that these documents could be "relevant for cross-examination and impeachment" of Gillay Id. At the hearing on the motion, Walker's counsel amended the motion to include in camera review of the probation officer's notes from her interview with Gilley, which will be used to create the presentence report.

The magistrate judge denied Walker access to both the presentence report and the notes. He found that the request for the presentence report was not ripe, as the report has yet to be completed. As for the notes, the magistrate judge denied Walker's request because "the notes of the interviewer do not constitute a statement made by, or adopted by Gilley." Order at 2-3 (Doc. No. 1387). At an in camera hearing

2

held by this court on Walker's appeal of the magistrate judge's order, Walker made clear that he appeals only the portion of the order denying him access to the probation officer's notes.

The court agrees with the magistrate judge's reasoning, and adds these brief points. As stated above, Walker requested the probation officer's notes because they could "show a prior inconsistent statement and/or impeachment." Mot. at 2 (Doc. No. 1361). The magistrate judge's ruling is consistent with Federal Rule of Evidence 613, which allows examination concerning "a prior statement <u>made by</u> the witness." Fed. R. Evid. 613(a) (emphasis added). The probation officer's notes do not constitute a statement made by Gilley, but merely her interpretation of their interview and what she saw fit to write down. While a report of a witness's statements can arguably be used to refresh that witness's memory, it cannot be used to impeach,

3

because it is not the witness's own statement.  See United States v. Harris, 908 F.2 728, 738 (11th Cir. 1990) (affirming district court's instructions to the jury that FBI reports can be used to refresh a witness's memory, but should not be considered by the jury as inconsistent, "because they are not truly statements of the person being interviewed.").  The notes also cannot be admitted as non-hearsay under Fed. R. Evid. 801(d)(1), because that provision allows the admission of an inconsistent statement made only under oath.  Consequently, the probation officer's notes are not proper evidence of an inconsistent statement, and thus are not proper impeachment material.

Furthermore, the court notes that Walker has given no basis whatsoever for his belief that Gilley's testimony at trial was inconsistent with what he told the probation officer in his presentence interview. Instead, Walker's motion appears to be a fishing

expedition, taken upon the hope that he will find an amorphous "something" helpful to his case. Indeed, it appears that Walker seeks to challenge Gilley's character for untruthfulness, but prior false or inconsistent statements cannot be proven by extrinsic evidence.  See Fed. R. Evid. 608(b).  Therefore, Walker will remain "stuck" with any answer that Gilley gives as a witness during trial. See United States v. Cole, 617 F.2d 151, 154 n.3 (5th Cir. 1980) (noting that while a prosecutor "could inquire into the acts involved in making a false statement under Rule 608(b), he could not prove it by extrinsic evidence, but had to take the witness' answer.") (The Eleventh Circuit Court of Appeals has adopted as precedent all decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc)).  Thus, Walker has provided an insufficient

5

reason to reveal the confidential information shared by Gilley with his probation officer.

***

Accordingly, it is ORDERED that defendant Jarrell W. Walker's objection (Doc. No. 1382) is overruled, and that the magistrate judge's order (Doc. No. 1387) is affirmed.

DONE, this the 11th day of July, 2011.

                                  /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE