IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| v. | ) | **2:10cr186-MHT** |
| | ) | **(WO)** |
| **JARRELL W. WALKER, JR.** | ) | |

## OPINION AND ORDER

Currently before the court is defendant Jarrell W. Walker, Jr.'s objections to an order issued by the magistrate judge denying Walker's motion for discovery of telephone calls placed by defendant Ronald E. Gilley, who has pled guilty and has now testified against Walker, to his lawyer while Gilley was incarcerated at the Montgomery City Jail. Based on an independent and de novo review of the record, including a transcript of the hearing before the magistrate judge, the court overrules Walker's objections and affirms the magistrate judge's order.

Walker made an oral motion seeking access to Gilley's recorded telephone conversations, and supported that motion with a brief stating that he wanted to use the conversations "for purposes of impeachment on cross-examination." Mot. at 10 (Doc. No. 1365). Walker asserted that Gilley had waived any privilege that might attach to calls made to his attorneys, due to a recorded message that both Gilley and his attorney could hear, which was played at the beginning of each telephone call. The message was as follows:

> "This call is also subject to being recorded or monitored, except for privileged communication between an attorney and client. Your current account balance is...please select from following options: if you consent to this call being recorded and to accept this call, dial zero now...."

Tel. Call from R. Gilley to T. Conway on April 25, 2011, File No. 20110425_175028_6154784989, at :30-1:02. As the message states, before the call could

2

take place, the person called by Gilley was required to consent to the recording by dialing zero. And because the message further states that "This call is also subject to being recorded or monitored, except for privileged communication between an attorney and client," the only reasonable understanding of the message is that a "privileged communication between an attorney and client" is excepted from "being recorded or monitored."

The magistrate judge denied Walker access to 23 calls made by Gilley to his attorneys. He found that it was "reasonable under these facts and circumstances that Gilley and his counsel intended the calls to be confidential and expected that the calls would be confidential." Order at 3 (Doc. No. 1398). The magistrate judge based his ruling largely on "the language of the automated message," which specifically carves out an exception to the recording and monitoring of telephone calls for those placed by an

3

inmate to his attorney.  Id.  The magistrate judge found further support for his ruling in the fact that, while Gilley was incarcerated, special accommodations were made for him and his attorneys to be able to prepare adequately for his trial, including increased privacy protections and unlimited meetings with his attorneys at the jail.  Therefore, Gilley and his attorneys had not waived the attorney-client privilege, and were "reasonable in their belief that calls between them would be subject to the attorney-client privilege."  Id. at 4.

The court agrees with the magistrate judge's reasoning and conclusion as to 20 of the 23 calls at issue.  As the magistrate judge noted, to invoke the attorney-client privilege, Gilley bears the burden of establishing the following:

> "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection

4

>       with this communication is acting as
>       a lawyer; (3) the communication
>       relates to a fact of which the
>       attorney was informed (a) by his
>       client (b) without the presence of
>       strangers (c) for the purpose of
>       securing primarily either (i) an
>       opinion on law or (ii) legal
>       services or (iii) assistance in some
>       legal proceeding, and not (d) for
>       the purpose of committing a crime or
>       tort; and (4) the privilege has been
>       (a) claimed and (b) not waived by
>       the client.

United States v. Noriega, 917 F.2d 1543, 1550 (11th Cir. 1990).  In addition, as the magistrate judge stated, the attorney-client privilege attaches to a communication between an attorney and his client when it is "(1) intended to remain confidential <u>and</u> (2) under the circumstances was <u>reasonably</u> expected and understood to be confidential."  Id. at 1551 (quoting United States v. Bell, 776 F.2d 965, 971 (11th Cir. 1985) (emphasis original)).  The court agrees that Gilley has properly invoked the privilege as to 20 of the 23 calls at issue.

5

It is true that courts often find that calls made by inmates to their attorneys are not privileged because "[t]he presence of the recording device [is] the functional equivalent of the presence of a third party," such that the attorney-client privilege is destroyed. United States v. Hatcher, 323 F.3d 666, 674 (8th Cir. 2003). However, in many of those cases, the pre-recorded message played at the start of telephone calls merely informed the interlocutors that "the call may be monitored or recorded." Watson v. Albin, 2008 WL 2079967, at *2 (N.D. Cal. May 12, 2008). See also, e.g., United States v. Eye, 2008 WL 1701089, at *3 (W.D. Mo. Apr. 9, 2008); United States v. Lentz, 419 F.Supp.2d 820, 824 (E.D. Va. 2005). In Hatcher, too, though the court did not reproduce the recorded message verbatim, it did state that "the parties to these conversations were aware that they were being recorded by the prison." 323 F.3d at 674. In contrast, because the Montgomery City Jail's

6

recorded message explicitly excluded attorney-client calls from being recorded and monitored, Gilley and his attorneys were <u>not</u> aware that they were being recorded. Indeed, the court is rather surprised that they were, considering the contents of the message. Therefore, the court finds this case distinguishable from the cases discussed above, and agrees that Gilley and his lawyers had a reasonable expectation of privacy as to their conversations. Consequently, 20 of Gilley's 23 calls from jail to his lawyers are protected by the attorney-client privilege.

Finally, there were three calls among the 23 in which Gilley merely spoke with an assistant at his attorney's office and inquired as to the whereabouts of his attorney. For these calls, then, Gilley was not seeking to secure "(i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." <u>Noriega</u>, 917 F.2d at 1550. However, Walker's attorney has stated that she will not seek

7

access to these calls, as they would provide her with no pertinent information.

***

Accordingly, it is ORDERED that defendant Jarrell W. Walker's objections (Doc. Nos. 1382 and 1427) are overruled and that the magistrate judge's order (Doc. No. 1398) is affirmed.

DONE, this the 13th day of July, 2011.

                                  /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE