IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA  )
                          )   CRIMINAL ACTION NO.
          v.              )      2:10cr186-MHT
                          )          (WO)
JARRELL W. WALKER, JR.    )


<u>OPINION AND ORDER</u>

Currently before the court is defendant Jarrell W. Walker, Jr.'s objections to an order issued by the magistrate judge.  Walker had made an oral motion and subpoena for discovery of telephone calls placed by defendant Jarrod D. Massey, who has pled guilty and is now testifying against Walker, to his lawyer while Massey was incarcerated at the Montgomery County and Lee County Jails.  Massey filed a motion to quash the request, asserting the attorney-client and marital privilege as to certain calls.  The magistrate judge granted in part Massey's motion, finding that four of the calls between Massey and his attorney were

protected by the attorney-client privilege. Based on an independent and de novo review of the record, including transcripts of the hearings before the magistrate judge, the court overrules Walker's objections and affirms the magistrate judge's order.

Walker supported his oral motion for access to the calls with a brief stating that he wanted to use the conversations "for purposes of impeachment on cross-examination." Obj. to Mot. Quash ¶ 8 (Doc. No. 1418). Walker asserted that Massey had waived any privilege that might attach to calls he made from jail to his attorney, due to a recorded message that both Massey and his attorney could hear, which was played at the beginning of each telephone call. The message was as follows:

> "This is a Legacy long distance automated operator with a free call from an inmate at the Lee County Detention Center. This call is subject to recording and monitoring, except for privileged communications between an attorney and client. Press star to accept this call."

2

(The only calls that the magistrate judge ruled are privileged were made from the Lee County Jail.)  As the message states, before the call could take place, the person called by Massey was required to consent to the recording by pressing the star button.  And because the message further states that "This call is also subject to being recorded or monitored, except for privileged communication between an attorney and client," the only reasonable understanding of the message is that a "privileged communication between an attorney and client" is excepted from "being recorded or monitored."

The magistrate judge denied Walker access to four calls made by Massey to his attorney.  He found that it was "reasonable under these facts and circumstances that Massey and his counsel intended the calls to be confidential and expected that the calls would be confidential."  Order at 3 (Doc. No. 1424).  The magistrate judge based his ruling on "the language of

the automated message," which specifically carves out
an exception to the recording and monitoring of
telephone calls for those placed by an inmate to his
attorney. Id. Therefore, Massey and his attorneys
had not waived the attorney-client privilege.

The court agrees with the magistrate judge's
reasoning and conclusion as to the four calls at
issue. As the magistrate judge noted, to invoke the
attorney-client privilege, Massey bears the burden of
establishing the following:

> "(1) the asserted holder of the
> privilege is or sought to become a
> client; (2) the person to whom the
> communication was made (a) is [the]
> member of a bar of a court, or his
> subordinate and (b) in connection
> with this communication is acting as
> a lawyer; (3) the communication
> relates to a fact of which the
> attorney was informed (a) by his
> client (b) without the presence of
> strangers (c) for the purpose of
> securing primarily either (i) an
> opinion on law or (ii) legal
> services or (iii) assistance in some
> legal proceeding, and not (d) for
> the purpose of committing a crime or
> tort; and (4) the privilege has been

4

> (a) claimed and (b) not waived by
> the client."

United States v. Noriega, 917 F.2d 1543, 1550 (11th Cir. 1990). In addition, as the magistrate judge stated, the attorney-client privilege attaches to a communication between an attorney and his client when it is "(1) intended to remain confidential and (2) under the circumstances was reasonably expected and understood to be confidential." Id. at 1551 (quoting United States v. Bell, 776 F.2d 965, 971 (11th Cir. 1985) (emphasis original)). The court agrees that Massey has properly invoked the privilege as to the four calls at issue.

It is true that courts often find that calls made by inmates to their attorneys are not privileged because "[t]he presence of the recording device [is] the functional equivalent of the presence of a third party," such that the attorney-client privilege is destroyed. United States v. Hatcher, 323 F.3d 666, 674 (8th Cir. 2003). However, in many of those cases,

the pre-recorded message played at the start of telephone calls merely informed the interlocutors that "the call may be monitored or recorded." Watson v. Albin, 2008 WL 2079967, at *2 (N.D. Cal. May 12, 2008). See also, e.g., United States v. Eye, 2008 WL 1701089, at *3 (W.D. Mo. Apr. 9, 2008); United States v. Lentz, 419 F.Supp.2d 820, 824 (E.D. Va. 2005). In Hatcher, too, though the court did not reproduce the recorded message verbatim, it did state that "the parties to these conversations were aware that they were being recorded by the prison." 323 F.3d at 674. In contrast, because the Lee County Jail's recorded message explicitly excluded attorney-client calls from being recorded and monitored, Massey and his attorney were not aware that they were being recorded. Indeed, the court is rather surprised that they were, considering the contents of the message. Therefore, the court finds this case distinguishable from the cases discussed above, and agrees that Massey and his

6

lawyer had a reasonable expectation of privacy as to their conversations.

Walker argues that the privilege should not attach because Massey "did nothing to invoke that claim," and there is no indication "that any of the calls in question contain any affirmative statement by Mr. Massey to the monitor that the calls were attorney client calls." Obj. to Order ¶ 10 (Doc. No. 1450). However, the recorded message contains no requirement that an inmate state that he is speaking to his attorney in order for those calls to be excepted from monitoring and recording. Instead, it simply informs the parties that calls between an attorney and client will not be monitored and recorded. This gives the impression that the inmate may rest assured that his attorney-client privilege remains intact for calls made from the jail. Consequently, Massey's four calls from the Lee County Jail to his lawyer are protected by the attorney-client privilege.

**\*\*\***

Accordingly, it is ORDERED that defendant Jarrell

W. Walker, Jr.'s objections (Doc. Nos. 1429 and 1450)

are overruled and that the magistrate judge's order

(Doc. No. 1424) is affirmed.

DONE, this the 14th day of July, 2011.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE